# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  October 3, 2019

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
LESA MARIE BOWMAN-HARRIS,              *      No. 17-1172V
                                       *      Special Master Sanders
            Petitioner,                *
                                       *
v.                                     *
                                       *
SECRETARY OF HEALTH                    *      Attorneys' Fees and Costs
AND HUMAN SERVICES,                    *
                                       *
            Respondent.                *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

David W. Hittle, David W. Hittle, Salem, OR, for Petitioner.
Lisa A. Watts, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 30, 2017, Lesa Marie Bowman-Harris ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). The petition alleged that the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine Petitioner received on July 6, 2015, caused her to suffer from loss of eyesight, chronic headaches, and bilateral optic neuritis. On January 23, 2019, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on January 24, 2019. ECF No. 29.

On June 11, 2019, Petitioner filed an application for attorneys' fees and costs. ECF No. 34

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $19,907.81 (representing $18,720.00 in fees and $1,187.81 in costs). Fees App. at 2.[3] Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any costs. ECF No. 38. Respondent responded to the motion on June 17, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3 (ECF No. 36). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't*

---

[3] In Petitioner's motion, the amount of attorney's costs requested was listed as $1,006.30. On September 10, 2019, Petitioner filed notice that the correct amount of attorney's costs was $1,187.81 and that Petitioner did not personally incur any costs. ECF No. 38.

*of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a.  Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[4]

Petitioner requests that her attorney, Mr. David Hittle, be compensated at $400.00 per hour for all work performed (the billing records indicate work performed in 2016-2019). Mr. Hittle has been barred since 1974, giving him 45 years of experience as of 2019 and placing him within the highest range on the OSM Attorneys' Fee Schedule at all times in this case. Upon review of his credentials, the undersigned finds the requested rate for his work to be reasonable.

The billing records also reflect that a small amount of work was performed by Ms. Vicki Miley, who is the legal secretary to Mr. Hittle. An affidavit submitted by Mr. Hittle notes that "[o]n the occasional case where I bill by the hour, I do not charge separately for work performed by my legal secretary." Fees App. Ex. 2 at 3. The practical effect is that, although work performed by Ms. Miley is delineated separately from work performed by Mr. Hittle, the work performed by Ms. Miley has been billed at Mr. Hittle's hourly rate. The undersigned finds this to be excessive. Upon review, Ms. Miley performed work typical to what a paralegal would normally perform in Vaccine Program cases, such as sending requests for medical records and filing documents. Fees App. Ex. 1 at 7-8. The undersigned will therefore compensate these tasks at a paralegal rate of $130.00 per hour. This results in a reduction to fees of **$486.00**.[5]

### b.  Hours Expended

---

[4] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[5] ($400.00 per hour billed - $130.00 per hour awarded) * 1.8 hours billed - $486.00.

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.

Upon review, the undersigned finds the billed hours to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review the undersigned does not find any of the billing entries to be unreasonable.  Respondent has also not indicated that he finds any of the billing entries to be unreasonable.  Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$18,234.00**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,187.81 in attorneys' costs. This amount is comprised of acquiring medical records and the Court's filing fee. ECF No. 37. Petitioner has provided adequate documentation to support these costs and in the undersigned's experience they are reasonable. Accordingly, Petitioner is entitled to the full amount of costs sought.

## II.    Conclusion

Based on all the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $18,720.00 |
| (Reduction to Fees) | - ($486.00) |
| **Total Attorneys' Fees Awarded** | **$18,234.00** |
| | |
| Attorneys' Costs Requested | $1,187.81 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,187.81** |
| | |
| **Total Attorneys' Fees and Costs** | **$19,421.81** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. **Accordingly, the undersigned awards the following:**

1)  **A lump sum in the amount of $19,421.81, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. David Hittle.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).